# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY JAMES RODRIGUEZ, | ) | CV F 03 5056 REC WMW HC |
| Petitioner, | ) ) ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) ) | (Doc. 1) |
| EDWARD S. ALAMEIDA, | ) ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 16, 2003, Petitioner filed the instant petition. Petitioner alleges the following grounds for relief: (1) the retroactive application of the March 7, 2000 amendment to the California Three Strikes Law to Petitioner's February 23, 2000, offense violated the ex poste facto clause of the United States Constitution; (2) Petitioner's sentence of 25 years to life violations the Eighth Amendment; and 3) his sentence violates the prohibition against double jeopardy.

**LEGAL STANDARD**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

1  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

2      The AEDPA altered the standard of review that a federal habeas court must apply with
3  respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v.</u>
4  <u>Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus
5  will not be granted unless the adjudication of the claim "resulted in a decision that was contrary
6  to, or involved an unreasonable application of, clearly established Federal law, as determined by
7  the Supreme Court of the United States;" or "resulted in a decision that was based on an
8  unreasonable determination of the facts in light of the evidence presented in the State Court
9  proceeding." 28 U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166, 1173 (2003)
10 (disapproving of the Ninth Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir.
11 2000)); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue
12 the writ simply because that court concludes in its independent judgment that the relevant state-
13 court decision applied clearly established federal law erroneously or incorrectly." <u>Lockyer</u>, at
14 1174 (citations omitted). "Rather, that application must be objectively unreasonable." <u>Id.</u>
15 (citations omitted).

16     The AEDPA requires that this court give considerable deference to state court decisions.
17 The state court's factual findings are presumed correct, 28 U.S.C. 2254(e)(1); the Court is bound
18 by a state's interpretation of its own laws, <u>Souch v. Schaivo</u>, 289 F.3d 616, 621 (9th Cir.2002),
19 *cert. denied*, 537 U.S. 859, 123 S.Ct. 231 (2002); and must defer to the state court's
20 determination of the federal issues unless that determination is "contrary to, or involved an
21 unreasonable application of, clearly established federal law." <u>Lockyer v. Andrade</u>, 538 U.S. 63,
22 123 S.Ct. 1166, 1172 (2003).

23     A state court decision is "contrary to" federal law "if the state court applies a rule that
24 contradicts the governing law set forth in [Supreme Court] cases or if the state court confronts a
25 set of facts that are materially indistinguishable from a decision of [the Supreme Court ] and
26 nevertheless arrives at a result different from [Supreme Court] precedent." <u>Id.</u> at 1173 (*quoting*
27 <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06, 120 S.Ct. 1495 (2000) (O'Connor, J., concurring))
28 (internal quotation marks omitted).

1    A state court decision involves an unreasonable application if it correctly identifies the
2 governing rule but unreasonably applies it to a new set of facts, see id. at 1174 (*citing* Williams,
3 529 U.S. at 413, 120 S.Ct. 1495), or fails to extend a clearly established legal principle to a new
4 context in a way that is unreasonable, see Bailey v. Newland, 263 F.3d 1022, 1028 (9th Cir.2001)
5 (*citing* Van Tran v. Lindsey, 212 F.3d 1143, 1150 (9th Cir.2000)).  An unreasonable application
6 of federal law is something more than an incorrect or even clearly erroneous application; the
7 application must be "objectively unreasonable." Andrade, 538 U.S. at 74, 123 S.Ct. at 1174.
8 Although only Supreme Court law is binding on the states, our Circuit precedent remains
9 relevant persuasive authority in determining whether a state court decision is objectively
10 unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

11    Application of these standards is significantly impeded where, as here, the state court
12 supplies no reasoned decision. Delgado v. Lewis, 223 F.3d 976, 981 (9th Cir.2000). Under such
13 circumstances, the court independently reviews the record to determine whether the state court
14 clearly erred in its application of Supreme Court law. Delgado v. Lewis, 223 F.3d 976, 982 (9th
15 Cir.2000) ("Federal habeas review is not de novo when the state court does not supply reasoning
16 for its decision, but an independent review of the record is required to determine whether the
17 state court clearly erred in its application of controlling federal law."); see also, e.g., Greene v.
18 Lambert, 288 F.3d 1081, 1089 (9th Cir.2002).  That is, although the court independently reviews
19 the record, it still defers to the state court's ultimate decision

20                              **PROCEDURAL HISTORY**

21     On September 8, 2000,  Petitioner pled guilty to possession for sale of heroin in Madera
22 County Superior Court. Petitioner admitted that he had been previously convicted of  two prior
23 "strike" convictions within the meaning of Penal Code section 667 subds. (b) through (i). On
24 October 26, 2000, the trial court sentenced Petitioner to serve a term of imprisonment of 25 years
25 to life.

26     Petitioner timely appealed to the California Court of Appeal, Fifth Appellate District
27 (Court of Appeal).  However, counsel for petitioner filed an opening brief pursuant to People v.
28 Wendy,  25 Cal 3rd 436 (1979),  asking the court independently review the record. The Court of

1  Appeal affirmed Petitioner's conviction and sentence.

2  On December 18, 2001, Petitioner filed a petition for writ of habeas corpus with the
3  California Court of Appeal. The petition was denied on December 20, 2001, without prejudice
4  to Petitioner filing first in the Superior Court..

5  On December 27, 2001, Petitioner filed another petition for writ of habeas corpus with
6  the California Court of Appeal. The petition was denied on January 17, 2002. On January 31,
7  2002, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. The
8  court denied the petition on June 12, 2002.

9  On May 7, 2003, Petitioner filed a subsequent Petition for Writ of Habeas Corpus in the
10 California Supreme Court. The court denied the petition on January 14, 2004.

11 **DISCUSSION**

12 <u>EX POST FACTO VIOLATION</u>

13  Petitioner contends that the trial court retroactively applied the March 2000 amendment
14 to the California's Three Strikes Law to his offense and that this violated the ex post facto clause
15 of the United States Constitution. Petitioner previously raised this claim in his petition for writ
16 of habeas corpus filed with the California Supreme Court on January 31, 2002, and denied by the
17 court without comment on June 12, 2002. Because the California Supreme Court did not provide
18 a reasoned decision, this court will independently review the record to determine whether the
19 state court clearly erred in its application of controlling federal law. See <u>Delgado v. Lewis</u>..

20  California's a Three Strikes Law took effect in March 1994. Petitioner's principal
21 offense was committed on February 22, 2000, well after that date. To support his contention
22 regarding an ex post facto violation, Petitioner relies on the passage of Proposition 21, which
23 amended the Three Strikes Law and added California Penal Code sections 667.1 and 1170.125.
24 This amendment took effect in March 2000, after the date of Petitioner's principal offense.

25  Article I, Section 10 of the United States Constitution provides: "No State shall ... pass
26 any ... ex post facto law." The Ex Post Facto Clause prohibits the states from enacting any law
27 "which imposes a punishment for an act which was not punishable at the time it was committed;
28 or imposes additional punishment to that then prescribed." Weaver v. Graham, 450 U.S. 24, 28

4


Case 1:03-cv-05056-REC-WMW   Document 34   Filed 01/12/06   Page 5 of 12

(1981), quoting Cummings v. Missouri, 71 U.S. (4 Wall.) 277, 325-26 (1866). "[T]he focus of the ex post facto inquiry is not on whether a legislative change produces some sort of 'disadvantage,' ... but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." California Dep't of Corrections v. Morales, 514 U.S. 499, 506 n. 3 (1995).

The ex post facto clause prohibits a state from enacting a law that imposes additional punishment for a crime than the punishment was when the defendant committed the crime. Weaver v. Graham, 450 U.S. 24, 28, 101 S.Ct. 960, 964 (1981).  A law violates the ex post facto clause under three circumstances:  (1) when it punishes a act which was not a crime when it was committed; (2)  when it makes a crime's punishment greater than when the crime was committed; or (3)  when it deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719 (1990).

In his petition, Petitioner discusses the ex post facto clause at length, along with the provisions of Proposition 21 which forbid the application of its amendments to the California Penal Code to offenses committed before March 7, 2000.  Petitioner does not claim that the statutes themselves violate the ex post facto clause: what he argues is that the statutes were improper applied retroactively by the trial court.  However, what Petitioner does not do in either his petition or in his reply is state how the amendments were applied to him.  While Petitioner states that Proposition 21 altered the definition of a qualifying burglary strike, he does not claim that this definition was applied to him.  Thus, while the court does not now reject Petitioner's contention that the retroactive application of the amendments to the Three Strikes Law set forth in Proposition 21 to Petitioner's current offense would have been a violation of the Ex Post Facto clause, the court finds that Petitioner has failed to make the initial showing that such an application occurred.  The court must conclude, after its own independent review of the record, that Petitioner has failed to carry his burden of showing that the California Supreme Court clearly erred in rejecting Petitioner's claim.  Accordingly, the court must further conclude that this claim provides no basis for habeas corpus relief.

CRUEL AND UNUSUAL PUNISHMENT

Petitioner contends that the 25 years to life sentence imposed upon him violates the United States Constitution's prohibition against cruel and unusual punishment because the sentence is grossly disproportionate to his crime. Petitioner previously raised this contention in his petition filed with the California Supreme Court on May 7, 2003. The court denied the petition with a citation to In re Clark, 4 Cal.4th 750 (1993). Respondent first argues that his contention is procedurally barred and then disputes the contention on the merits.

A federal court will not review claims in a petition for writ of habeas corpus if the state court has denied relief on those claims by a state law that is independent of federal law and adequate to support the judgment. A federal court will not review a petitioner's claims if the state court has denied relief of those claims pursuant to a state law that is independent of federal law and adequate to support the judgment. Ylst v. Nunnemaker, 501 U.S. 797, 801, 111 S.Ct. 2590, 2592 (1991); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 2553-54 (1989); See, also, Fox Film Corp. v. Muller, 296 U.S. 207, 210, 56 S.Ct. 183, 184 (1935). A state court's refusal to hear the merits of a claim because of petitioner's failure to follow a state procedural rule is considered a denial of relief on independent and adequate state grounds. Harris v. Reed, 489 U.S. 255, 260-61, 109 S.Ct. 1038, 1042 (1989). This doctrine of procedural default is based on the concerns of comity and federalism. Coleman, 501 U.S. at 730-32, 111 S.Ct. at 2554-55.

There are limitations as to when a federal court should invoke procedural default and refuse to evaluate the merits of a claim because the petitioner violated a state's procedural rules. Procedural default can only block a claim in federal court if the state court "clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263, 109 S.Ct. 1038,1043 (1989). For California Supreme Court decisions, this means the Court must specifically have stated that it denied relief on a procedural ground. Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590, 2594 (1991); Acosta-Huerta v. Estelle, 7 F.3d 139, 142 (9th Cir. 1993); Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1991). If the California Supreme Court denies a petitioner's claims without any comment or citation, the federal court must consider that

1  it is a decision on the merits.  Hunter v. Aispuro, 982 F.2d at 347-48.

2  In addition, a federal court may only impose a procedural bar on claims if the procedural rule that the state used to deny relief is "firmly established and regularly followed." O'Dell v. Thompson, 502 U.S. 995, 998, 112 S.Ct. 618, 620 (1991) (statement of Blackmun joined by Stevens and O'Connor respecting the denial of certiorari); Ford v. Georgia, 498 U.S. 411, 423-24, 111 S.Ct. 850, 857 (1991); James v. Kentucky, 466 U.S. 341, 348-51, 104 S.Ct. 1830, 1835-37 (1984).  The state procedural rule used must be clear, consistently applied, and well-established at the time of the petitioner's purported default.  Fields v. Calderon, 125 F.3d 757, 760 (9th Cir. 1997); Calderon v. United States Dist. Court (Bean), 96 F.3d 112, 129 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1569.

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546 (1991); LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001).  If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice."  Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Coleman, 501 U.S. at 750, 111 S.Ct. 2456; Park, 202 F.3d at 1150.

In the present case, the California Supreme Court denied Petitioner's petition raising the present claim with a citation to In re Clark.  In Clark, the California Supreme Court emphasized that it has never condoned piecemeal presentation of known claims and repetitious presentation of previously denied claims.  In re Clark, 5 Cal.4th 750, 760, 21 Cal.Rptr.2d 509, 521 (1993).  The court further held that to entertain the merits of a successive petition would be inconsistent with the its recognition that the delayed and repetitious presentation of claims is an abuse of the writ.  Id.

Bennett v. Mueller, 322 F.3d 573, 581-83 (9th Cir. 2003), provides that the untimeliness rule was independent after In re Robbins, 18 Cal.4th 770, 780, 77 Cal.Rptr2d 153 (Cal. 1998).

7

1  Bennett v. Mueller,.  However, the court could not resolve adequacy on the record before the
2  court and remanded for further review by the District Court.  Bennett further held that the
3  burden of proof in determining whether a procedural bar has been consistently and regularly
4  applied so that it meets the "adequate" prong of the test for procedural bar is on the state.
5  Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003).

6       In this case, the court finds that even assuming that the State has carried its burden of
7  showing that the timeliness rule set forth in In re Clark is consistently and regularly applied so as
8  to support the application of the doctrine of procedural bar, this court must still determine
9  whether Petitioner can demonstrate cause for the procedural default and actual prejudice, or
10 demonstrate that the failure to consider the claims will result in a fundamental miscarriage of
11 justice, under Noltie v. Peterson.  To do this, the court must consider the merits of Petitioner's
12 claim.

13      A criminal sentence that is not proportionate to the crime for which a defendant is
14 convicted may indeed violate the Eighth Amendment.  The constitutionality of a 25-to-life
15 sentence for nonviolent recidivists is controlled by several decisions rendered by the Supreme
16 Court.  Andrade v. Attorney General of the State of California, 270 F.3d 743 (9th Cir. 2001).  For
17 purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA), the cases of Rummel
18 v. Estelle, 445 U.S. 263, 100 S.Ct. 1133 (1980); Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001
19 (1983), and Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680 (1991), are clearly established
20 federal law governing the application of the Eighth Amendment to such sentences.  Id. at 766.

21      Pursuant to this line of cases, the court must first compare the harshness of the penalty to
22 the gravity of the offense to determine whether the sentence raises an "inference of gross
23 disproportionality."  Id. at 755-759.  If such an inference is raised, the court then must proceed to
24 analyze the sentences imposed on other criminals in the same jurisdiction, and the sentence
25 imposed for commission of the same crime in other jurisdictions.  Id.  The second and third
26 factors need not be considered if the court concludes under the first factor that a defendant's
27 sentence does not raise an inference of gross disproportionality to the crime.  Id. at 759.  Only if
28 the state court's proportionality analysis is "contrary to or involves an unreasonable application

of, clearly established federal law, as determined by the Supreme Court of the United States," may the federal court grant habeas corpus relief. Id. at 766.

In Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133 (1980), the Court upheld a life sentence imposed under a Texas recidivist statute for a defendant convicted of obtaining $120.75 by false pretenses, an offense normally punishable by imprisonment for two to ten years. Rummel v. Estelle, 445 U.S. 263, 266, 100 S.Ct. 1133, 1135 (1980). However, because he had two prior felony convictions (for fraudulent use of a credit card and passing a forged check), and had served two prior prison terms, the prosecution chose to proceed under the state's recidivist statute, which carried a life sentence. Id. The Supreme Court held that Rummel's sentence of life imprisonment *with* the possibility of parole did not violate the Eighth Amendment. Id. at 365-266, 100 S.Ct. at 1135. (emphasis added). The Court noted that Rummel had suffered two separate convictions and terms of imprisonment for each prior, that he would be eligible for parole in twelve years, and that under the Texas recidivist statute, prosecutors retained the discretion not to invoke the statute for "petty" offenders. 445 U.S. at 278-81, 100 S.Ct. at 1141.

Three years later, the United States Supreme Court set forth the criteria for finding a sentence to be cruel and unusual punishment under the federal Constitution and affirmed a decision of the Eighth Circuit holding unconstitutional a sentence of life imprisonment without the possibility of parole for a seven-time nonviolent felony recidivist. Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001 (1983). Applying the proportionality criteria, the Court concluded that Solem's sentence was grossly disproportionate to his crime of uttering a "no account" check for $100.00, even in light of his prior six nonviolent felony convictions: three for third degree burglary, one for obtaining money under false pretenses, one for grand larceny, and one for driving while intoxicated. Id. at 279-81, 103 S.Ct. at 3004-5. The Court emphasized that Solem's life sentence was far more severe than the sentence it had considered in Rummel, because Rummel was likely to be eligible for parole in twelve years, while Solem was given no possibility of parole at all. Id.

In Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680 (1991), the defendant received a mandatory sentence of life in prison *without* the possibility of parole for possession of more than

9

650 grams of cocaine, his first felony offense. Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680 (1991) (emphasis added). The U.S. Supreme Court upheld the sentence, with five justices agreeing, for varying reasons, that the sentence did not violate the Eighth Amendment. Although the Court did not produce a majority opinion, seven justices favored some manner of proportionality review. Justice Kennedy, joined by Justices O'Connor and Souter, stated that a noncapital sentence could violate the Eighth Amendment if it was "grossly disproportionate" to the crime, but concluded that courts need not examine the second and third factors of intrajurisdictional and interjurisdictional reviews discussed in Solem, unless "a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." Id. at 1005. The Ninth Circuit, adopting Justice Kennedy's concurring opinion in Harmelin, now refers to the test articulated as "the rule of Harmelin." Andrade v. Attorney General of the State of California, 270 F.3d 743, 756 (9th Cir. 2001).

The majority of the justices in the Harmelin court agreed that outside capital punishment, deeming a sentence cruel and unusual punishment is "exceedingly rare" due to the lack of objective guidelines for terms of imprisonment. Harmelin, 501 U.S. 957, 964, 111 S.Ct. 2680 (1991). The threshold for such an inference of disproportionality is high. See, Id. at 1001, 111 S.Ct. at 2707 (Kennedy, J. concurring). Generally, so long as the sentence imposed by the state court does not exceed statutory maximums, the sentence will not be considered cruel and unusual punishment under the Eighth Amendment. United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990). The Harmelin Court concluded that the defendant's sentence did not meet the threshold factor of "gross disproportionality."

Based on the above line of Supreme Court cases, this court must conclude that Petitioner's sentence does not raise the threshold "inference of gross disproportionality" necessary to establish his claim. The penalty imposed on Petitioner is no worse than, and in some cases less than, the sentences upheld by the Court. This court concludes, therefore, that this claim of cruel and unusual punishment based on a disproportionate penalty is without merit and provides no basis for habeas relief.

/

DOUBLE JEOPARDY

Plaintiff contends that the sentence imposed upon him violates the double jeopardy clause of the United States Constitution. Petitioner previously raised this contention in his petition filed with the California Supreme Court on May 7, 2003. The court denied the petition with a citation to In re Clark, 4 Cal.4th 750 (1993). Respondent first argues that his contention is procedurally barred and then disputes the contention on the merits. As explained above, in order to fully analyze Respondent's claim that this claim is procedurally barred, the court must address the merits of the claim.

The United States Supreme Court has held double jeopardy implications inapplicable to sentencing proceedings because the determinations at issue do not place a defendant in jeopardy for an offense. Monge v. California, 524 U.S. 721, 726, 118 S.Ct. 2246, 2249 (1998) (*citing* Nichols v. United States, 511 U.S. 738, 747, 114 S.Ct. 1921, 1927 (1994) (noting that repeat-offender laws "'penaliz[e] only the last offense committed by the defendant'")). The U.S. Supreme Court has held that recidivist statutes do not violate double jeopardy because "the enhanced punishment imposed for the [present] offense 'is not to be viewed as ... [an] additional penalty for the earlier crimes,' but instead as 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.'" Witte v. United States, 515 U.S. 389, 400, 115 S.Ct. 2199 (1995) (*quoting* Gryger v. Burke, 334 U.S. 728, 732, 68 S.Ct. 1256 (1948)); see, also, Moore v. Missouri, 159 U.S. 673, 677, 16 S.Ct. 179 (1895) (under recidivist statute, "the accused is not again punished for the first offence" because "'the punishment is for the last offence committed, and it is rendered more severe in consequence of the situation into which the party had previously brought himself'"); United States v. Kaluna, 192 F.3d 1188 (9th Cir. 1999) (en banc). The court finds therefore that Petitioner's claim of a violation of the prohibition against double jeopardy is without merit and provides no basis for habeas corpus relief.

Based on the foregoing, the court HEREBY RECOMMENDS that this petition for writ of habeas corpus be DENIED.

These Findings and Recommendation are submitted to the assigned United States District

1  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
2  the Local Rules of Practice for the United States District Court, Eastern District of California.
3  Within thirty (30) days after being served with a copy, any party may file written objections with
4  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
5  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
6  and filed within ten (10) court days (plus three days if served by mail) after service of the
7  objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
8  (b)(1)(C).  The parties are advised that failure to file objections within the specified time may
9  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
10 1991).
11 IT IS SO ORDERED.
12 **Dated:    January 12, 2006**            /s/ **William M. Wunderlich**
   mmkd34                                    UNITED STATES MAGISTRATE JUDGE