IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JAMES RODRIGUEZ, )<br>)<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>EDWARD S. ALAMEIDA, )<br>)<br>)<br>Respondent. )<br>)<br>_____ ) | No. CV-F-03-5056 REC/WMW HC<br><br>ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS AND<br>DIRECTING CLERK TO ENTER<br>JUDGMENT FOR RESPONDENT |

On January 12, 2006, the United States Magistrate Judge recommended that the court deny petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

After applying for and receiving an extension of time, petitioner timely filed objections to the recommendation.

The court has reviewed the record herein de novo and concurs with the recommendation. However, the court expands on the Magistrate Judge's denial of petitioner's claim that the application of California's Three Strikes Law to him constituted a violation of the Ex Post Facto clause.

1

1     It is apparent that petitioner's ex post facto claim is
2 based on the change in the definition of "serious felony" in
3 California Penal Code § 1192.7(c)(18) effected by the passage of
4 Proposition 21 and effective on March 8, 2000, which effective
5 date was after the date petitioner committed the crime for which
6 he is now imprisoned.  Prior to March 8, 2000, Section
7 1192.7(c)(18) included as a "serious felony"

> Burglary of an inhabited dwelling house,
> vessel, as defined in the Harbors and
> Navigation Code, which is inhabited and
> designed for habitation, floating home, as
> defined in subdivision (d) of Section
> 18075.55 of the Health and Safety Code,
> trailer coach, as defined by the Vehicle
> Code, or the inhabited portion of any other
> building.

13 One of the strikes used against petitioner was his conviction on
14 September 2, 1992 of violation of California Penal Code § 459.
15 California Penal Code § 459 provides:

> Every person who enters any house, room,
> apartment, tenement, shop, warehouse, store,
> mill, barn, stable, outhouse or other
> building, tent, vessel, as defined in Section
> 21 of the Harbors and Navigation Code,
> floating home, as defined in subdivision (d)
> of Section 18075.55 of the Health and Safety
> Code, railroad car, locked or sealed cargo
> container, whether or not mounted on a
> vehicle, trailer coach, as defined in Section
> 635 of the Vehicle Code, any house car, as
> defined in Section 362 of the Vehicle Code,
> inhabited camper, as defined in Section 243
> of the Vehicle Code, vehicle as defined by
> the Vehicle Code, when the doors are locked,
> aircraft as defined by Section 21012 of the
> Public Utilities Code, or mine or any
> underground portion thereof, with intent to
> commit grand or petit larceny or any felony
> is guilty of burglary.  As used in this
> chapter, 'inhabited' means currently being

|   |   |
|---|---|
| 1 | used for dwelling purposes, whether occupied or not.  A house, trailer, vessel designed for habitation, or portion of a building is currently being used for dwelling purposes if, at the time of the burglary, it was not occupied solely because a natural or other disaster caused the occupants to leave the premises. |

Proposition 21, effective March 8, 2000, changed the definition of serious felony in Penal Code § 1192.7(c)(18) to "any burglary of the first degree".  California Penal Code § 460 provides in pertinent part:

> (a) Every burglary of an inhabited dwelling house, vessel, as defined in the Harbors and Navigation Code, which is inhabited and designed for habitation, floating home, as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, or trailer coach, as defined by the Vehicle Code, or the inhabited portion of any other building, is burglary of the first degree.
>
> (b) All other kinds of burglary are of the second degree.

Petitioner makes no showing of the circumstances underlying his conviction in 1992 of violation of Penal Code § 459. Consequently, the court concurs with the Magistrate Judge that petitioner has not made a sufficient showing for the court to determine whether or not the application of a strike for his conviction of Section 459 constitutes a violation of the Ex Post Facto clause.

ACCORDINGLY, IT IS ORDERED:

1. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied; and

///

3

2.  The Clerk is directed to enter judgment for respondent.

IT IS SO ORDERED.

**Dated: March 22, 2006**                     **/s/ Robert E. Coyle**
668554                                        UNITED STATES DISTRICT JUDGE